UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

JEFFREY NIEVES,

                         Plaintiff,                  **MEMORANDUM & ORDER**
                                                                               14-CV-108 (MKB)
          v.

DARWIN LACLAIR, Superintendent,

                        Respondent.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Jeffrey Nieves, proceeding *pro se*, and currently incarcerated at the Franklin Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1996 conviction in Kings County. Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, Petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, explaining why the petition should not be dismissed as time-barred.

    **I. Background**

      Petitioner challenges his June 5, 1996 judgment in Kings County, in which he pled guilty to second degree murder on the third day of his trial. Petitioner alleges that, as part of the plea arrangement with the Kings County District Attorney, he agreed to provide information about an unrelated criminal matter in exchange for a promise from the office of the Kings County District Attorney to speak on Petitioner's behalf when he became eligible for parole. (Pet. 6.) Petitioner was sentenced to an indeterminate term of 15 years to life imprisonment on the murder count and a shorter concurrent sentence of 2 ½ to 5 years for the second degree robbery count. (Pet. 2.) On

appeal, Petitioner's counsel filed an *Anders* brief[1] with the Appellate Division, Second Department, stating that there was no non-frivolous grounds on which the conviction could be appealed. (Pet. 3.) The Appellate Division affirmed the conviction on November 30, 1998. *People v. Nieves*, 680 N.Y.S.2d 875 (App. Div. 1998). Petitioner did not appeal his conviction. (Pet. 3.)

On April 12, 2006, the office of the Kings County District Attorney ("District Attorney") submitted a letter to the Parole Board at Attica Correctional Facility, where Petitioner was incarcerated, opposing the early release of the inmate and recommending that he serve the maximum sentence permissible under the law. (Pet. Ex. C ("Pet'r 440 Mem.") 7; Letter dated April 12, 2006 (unindexed attach. to Pet. at ECF 43–44)).[2] The letter did not mention any cooperation or information provided by Petitioner. According to Petitioner, after completing the minimum term of his sentence, "[t]he D.A.'s Office did not do nothing, but make it harder for me to go home on parole." (Pet. 6.) When Petitioner went before the Parole Board for his first parole hearing on September 29, 2009, the April 12, 2006 letter was the only one on file from the District Attorney's office; in addition, according to Petitioner, the minutes from Petitioner's sentencing hearing were missing from his file. (Pet'r 440 Mem. 7.) Petitioner was denied parole

---

[1] An *Anders* brief is submitted by a criminal defendant's appointed counsel to the appellate court when that counsel believes that there are no non-frivolous grounds upon which an appeal can be made. *See Anders v. State of Cal.*, 386 U.S. 738, 744 (1967). Counsel must make "a conscientious examination of" the defendant's case, provide "a brief referring to anything in the record that might arguably support the appeal," and seek permission to withdraw as counsel. *Id.; see also People v. Stokes*, 95 N.Y.2d 633, 637 (2001) ("If counsel determines, after making a diligent and conscientious examination of the record, that the appeal is frivolous he or she may apply for relief from the assignment and such application must be accompanied by a brief reciting the underlying facts and raising all points which may arguably provide a basis for appeal, with references to the record and citation of applicable legal authorities" (alteration, citation, and internal quotation marks omitted)).

[2] Attachments to the Petition without page numbers are referred to by the page number assigned by the Electronic Case Filing ("ECF") system.

after the September 2009 hearing, and again in October 2011. (Pet. Ex. A ("440 decision of March 28, 2012") at 2.) The District Attorney's office furnished a new letter to the Parole Board on February 28, 2012, correcting its letter of April 12, 2006 by stating: "At the plea proceeding, this inmate agreed to cooperate with the District Attorney's Office by giving information about certain criminal matters, in exchange for the promise that a sentence of fifteen years to life in prison would be imposed, and that the People would communicate with the Board of Parole to acknowledge his cooperation. . . . It appears that the inmate complied with his agreement to cooperate with our Office." (Letter dated February 28, 2012 (unindexed attach. to Pet. at ECF 45–46)).

On June 30, 2011, Petitioner filed a motion for collateral relief pursuant to New York Criminal Procedure Law § 440.10, arguing that the District Attorney's office fraudulently induced Petitioner's guilty plea, violated the terms of the plea agreement by failing to communicate to the Parole Board that Petitioner had cooperated, and withheld the sentencing minutes from the Parole Board. (Pet. 6; Pet'r 440 Mem 8.) The state court denied Petitioner's 440 motion on March 28, 2012. Leave to appeal was denied on June 20, 2012. (Unindexed attach. to Pet. at ECF 22.)

Petitioner filed a second motion pursuant to § 440.10 on October 14, 2012, moving for reargument of his prior 440 motion, and arguing that he was deprived of the effective assistance of counsel when his trial attorney did not advise him to accept the first plea offer made to him before his trial, which plea offer was for a term of imprisonment of 12 ½ to 25 years. (Pet. at 8; Pet. Ex. B ("440 decision of April 11, 2013") at 2.) The state court denied Petitioner's claims on April 11, 2013, and leave to appeal was denied on August 22, 2013 by the Appellate Division and on November 20, 2013 by the Court of Appeals. Petitioner states that he "just recently got

an additional 18 months on a 4th appearance," presumably before the Parole Board. (Pet. 14.) Petitioner filed the instant petition on January 2, 2014. Petitioner's first claim is that the state prosecutor used fraud to coerce a guilty plea. (Pet. 6.) Petitioner's second claim is that he received ineffective assistance of trial counsel, because his attorney did not advise him to accept an earlier plea offer of 12 ½ to 25 years imprisonment. (Pet. 7.)

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Johnson v. Williams*, 568 U.S. ---, ---,133 S.Ct. 1088, 1091 (2013); *Lafler v. Cooper*, 566 U.S. ---, ---, 132 S. Ct. 1376, 1390 (2012). For the purposes of federal habeas review, "clearly established law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an

unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *see also Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir. 2010) ("If none of these conditions is met, even if the federal court would have reached a different conclusion on direct review, the petition must be denied."). The decision must be "objectively unreasonable." *Andrade*, 538 U.S. at 75. In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Statute of Limitations

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); *see also Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012) ("Among the reforms instituted by Congress in the Antiterrorism and Effective Death Penalty

5

Act of 1996 ('AEDPA') is a one-year statute of limitations, 28 U.S.C. § 2244(d)(1), which runs from the latest of a number of triggering events").

In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year grace period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

The limitations period may be equitably tolled. *Id.* at 17. "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (quoting *Smith*, 208 F.3d at 17). In order to equitably toll the statute of limitations under AEDPA, a petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (citing *Smith*, 208 F.3d at 17).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not

6

dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

### c. Petitioner's Claim as Currently Pled is Time-Barred

The facts alleged in the petition suggest that Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. The petition is not timely under § 2244(d)(1)(A). Under this provision, the statute of limitations expired one year after the date on which Petitioner's judgment became final. Petitioner's judgment became final December 30, 1998, the date on which the time for seeking an appeal of his conviction to the New York Court of Appeals expired. Petitioner filed the Petition more than fourteen years later, well after the one-year statute of limitations had run, even accounting for the tolling of the statute of limitations for Petitioner's two 440 collateral review motions.[3]

Petitioner argues that the petition should be considered timely because he was not aware of the defects in his plea agreement until he became eligible for parole and the District Attorney reneged on its agreement to inform the Parole Board of his cooperation. (Pet. 14.) He states that his appellate counsel told him that he could not challenge his plea "until I became eligible for Parole." (*Id.*; Pet'r 440 Mem. 6; Letter dated May 14, 1998 (unindexed attach. to Pet. at ECF 41)). The Court considers whether § 2244(d)(1)(D), which provides that the one-year statute of limitations may run from "the date on which the factual predicate of the claim or claims

---

[3] Petitioner's first motion pursuant to New York Criminal Procedure Law § 440.10 was pending from June 30, 2011 to June 20, 2012, or 356 days, and the second motion from October 14, 2012 to November 20, 2013, or 402 days, a total of 2 years and 28 days. Even tolling the statute of limitations for a total of 2 years and 28 days, the statute of limitations on Petitioner's claims would have expired on January 28, 2001, nearly thirteen years prior to the date this Petition was filed.

7

presented could have been discovered through the exercise of due diligence," applies in this case. *See* 28 U.S.C. § 2244(d)(1)(D). To the extent that the infirmity of Petitioner's plea comprises the factual predicate for his claim, then § 2244(d)(1)(D) provides that the limitations period begins to run on the date on which this "factual predicate . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1)(D); *see Friedman v. Rehal*, 618 F.3d 142, 152 (2d Cir. 2010) (recognizing exception to the statute of limitations established by AEDPA to include § 2244(d)(1)(D), which "restarts the statute of limitations period from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" (citing 28 U.S.C. § 2244(d)(1)(D) and *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000))).

Petitioner has not stated when he learned of the People's failure to perform under the plea agreement; he only states that, at his first parole hearing on September 29, 2009, it remained "unknown to [him that] the only letter from the District Attorney's Office was the letter of April 2006, prejudicing [him] and violating the terms of the Plea Agreement." (Pet.'r 440 Mem. 7.) Petitioner does not indicate when he first received notice of the People's April 2006 letter. From the facts alleged in the Petition, the Court cannot determine when the limitations period would commence under 28 U.S.C. § 2244(d)(1)(D). Moreover, the Court cannot determine whether any extraordinary facts exist that could entitle Petitioner to the benefit of equitable tolling. Accordingly, Petitioner is directed to submit an affirmation, within thirty (30) days from the date of this Order, explaining why the AEDPA statute of limitations should not bar the instant petition.[4] *See Day*, 547 U.S. at 209–10; *Acosta*, 221 F.3d at 125. Should Petitioner file an affirmation, he must include any facts and documentary evidence that would indicate when he

---

[4] An affirmation form is attached to this Order for Petitioner's convenience.

was notified of the People's omission of the promised information to the Parole Board. He may also include any grounds for tolling the statute of limitations.

### III. Conclusion

Petitioner is directed to submit an affirmation, within thirty (30) days from the date of this Order, explaining why the AEDPA statute of limitations should not bar the instant petition. No response shall be required from Respondent at this time and all further proceedings shall be stayed for thirty (30) days or until Petitioner has complied with this Order. If Petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: January 30, 2014
       Brooklyn, New York